STANGA and KRUMVIEDA et al., Respondents v. MILLER et al., Appellants

(70 N. W.2d 827)

(File No. 9493. Opinion filed June 14, 1955)

**Charles H. McCay,** Salem, **Danforth, Bleeker & Carlson,** Mitchell, for Plaintiffs and Respondents.

**Kirby, Simons, McDonnell & Kirby,** by **Blaine Simons,** Sioux Falls, for Defendants and Appellants.

RUDOLPH, P. J.   Alvina Struck died in McCook County in April 1953.   In October 1951 Mrs. Struck had executed deeds to certain of the real property she owned.   She placed these deeds with Mr. R. M. Sheild, an attorney at Salem, with instructions that the deeds should be delivered after her death to the grantees therein named.   This is an action seeking to quiet the title to the property by the devisees named in a will executed by Mrs. Struck in November 1952. The trial court held that the execution of the deeds in 1951 was testamentary in character and did not defeat the right of Mrs. Struck to subsequently dispose of the property by will. The defendants, the grantees named in one of the deeds, have appealed.

The deed to the property in dispute in this proceeding named five grandchildren as grantees.   The property consisted of a three-sevenths interest in 240 acres of land.   Mrs.

Struck had six grandchildren and she wanted these children to share equally in this land, but was concerned about one boy whom she was fearful would dissipate any property received by him unless some provision was made. Mr. Sheild suggested that the property be deeded to the five grandchildren and that they pay to the improvident the value of one-sixth of the land, which money would be held for him by a trustee or guardian. Mrs. Struck agreed to to this suggestion and thereafter Mr. Sheild prepared the deeds, an escrow agreement and a will wherein the conditions under which the land was deeded to the five grandchildren were set forth. For a complete understanding it is necessary to set forth the will and escrow agreement which are as follows:

(Escrow Agreement)

"I, Alvina Struck herewith deposit with R. M. Sheild three deeds to the following land I own: A deed to my house and four lots in the City of Salem, S.D.;

"A deed to 320 acres of land which was formerly my home in the country near Salem;

"and

"A deed to 240 acres of land, all made to various persons; which he is instructed to hold in escrow until my death and then deliver the same to the persons therein named, but under certain conditions mentioned in my will in regard to one of said deeds. Oct. 12, 1951.

"Alvina Struck

"I, the person named above hereby receipt for the deeds above mentioned, and agree to hold the same as above instructd.

"R. M. Sheild"

(Will)

"I, Alvina Struck of the City of Salem, in the County of McCook and State of South Dakota being of sound mind and memory, and considering the uncertainty of this frail and transitory life, do hereby make, ordain, publish and declare this to be my Last Will and Testament, hereby revoking any and all wills by me at any time heretofore made.

"First—It is my will, and I do order and direct that my

Executor hereinafter named pay my just debts and funeral expenses as soon after my decease as conveniently may be.

"Second—I am the owner of an undivided 3/7ths interest in 240 acres of land in Sun Prairie Twp., McCook County, S. D. and have made a deed thereto to be delivered after my death to LuVern Struck, William Henry Struck, Darlene Buus, and Ilene Barkley, children of my deceased son Henry Struck and to Dorothy Ann Hoyland, daughter of my deceased daughter Alvina Struck, in equal undivided shares; Lawrence Struck of Sioux Falls, S.D. is another son of my deceased son Henry Struck and I have desired to give him the equivalent in value of the land I have given my other five grandchildren and because of the necessity of a guardian for Lawrence Struck I have deposited a deed to such five grandchildren with R. M. Sheild with instructions that it is to be delivered to my five grandchildren who are grantees therein upon condition that within one year after my death they are to pay to my executor the value to be ascertained as hereinafter directed of one-sixth of 3/7ths of said 240 acres, with interest at 4% from the date of my death, such sum to be paid by such five grandchildren to my executor, and by said executor paid over to a guardian to be appointed for said Lawrence Struck, and I do recommend to the County Court of the County in which said guardianship may be had, the appointment of Lester Krumvieda to be guardian of Lawrence. I believe said guardianship necessary because Lawrence does not have the judgment or ability to care for or conserve his money or property and I would recommend to said County Court that said money be invested and reinvested in sound securities and the income therefrom be used for the maintenance and support of said Lawrence Struck, particularly that said funds be conserved and used for the purpose of paying bills of any sickness or illness he may have, and for his necessary food and clothing, but I do not limit the County Court in its discretion in any way in the handling of said funds but merely ask that my desires be respected and if said court finds that any portion of the principal is urgently needed for care and maintenance of Lawrence Struck it is directed to order the use such portions thereof as may be

necessary. For the purpose of arriving at a fair value of the amount which the 5 grandchildren shall pay to my executor for the benefit and use of Lawrence I direct that the Judge of this Court appoint 3 persons to make an informal appraisement which need not be reported to the Court but which shall be communicated to said 5 persons, these 3 to be two farmers of Salem vicinity and 1 businessman in Salem, who shall make a just and fair appraisement of the value of a one-sixth of a 3/7ths portions of said land as of the date of my death to ascertain the amount to be paid to Lawrence.

"Third—I hereby give, devise and bequeath to my grandson Lawrence Struck said sum to be received from my five grandchildren by my executor as hereinbefore arranged in the preceding paragraph and direct said executor to deliver said funds over to the guardian to be appointed for Lawrence, and take his receipt therefor.

"Fourth—I have by deeds divided as I deemed proper other of my real estate among my four daughters Bertha Miller, Elsie Keena, Rose Dickinson and Dorothy Krumvieda and all the rest, residue and remainder of my property which may include crops, money or any property of any kind or description I give, devise and bequeath to my four daughters before named, in equal shares.

"If my son in law Lester Krumvieda does not wish to act as guardian of Lawrence Struck I next recommend the appointment of F. J. Murphy of Salem SD to be his guardian.

"Lastly—I do hereby make, constitute and appoint Walter F. Stanga of Salem SD, without bonds, to be Executor of this my Last Will and Testament.

"In Testimony Whereof, I have hereunto subscribed my name and affixed my seal the twelfth day of October in the year of our Lord one thousand nine hundred and fifty one.

"Alvina Struck, (Seal)"

The question presented is whether the execution of the deed and depositing it with Mr. Sheild in October 1951 was testamentary in character, or whether title to the land was then conveyed to the grantees therein named.

■ ■ We repeat the rule in this state as announced in Stalting v. Stalting, 52 S.D. 309, 217 N.W. 386, 389, as follows:

"* * * if the grantor unconditionally hands over the deed to the depositary, placing it beyond the control and dominion of the grantor, with instructions to transmit to the grantee at grantors' death, there is then a valid, effective, and irrevocable delivery of the instrument as a deed, and a present interest in the realty passes at that time to the grantee,. although the enjoyment thereof is deferred until the death of the grantor. If, however, when the instrument is handed over to the depositary, the grantor retains control and dominion over it, and the instruction is to deliver the deed to the grantee at grantor's death, unless otherwise directed in the meantime, there is no delivery of a deed, but merely an effort to make a will in a manner not recognized by the law; the depositary remains the agent of the grantor only, and his authority to deliver is terminated by the death of the grantor, and the instrument can have no effect, unless it was executed with the formalities required for the execution of a will."

The trial court found by its Finding No. 7:

"That on October 12th, 1951 Alvina Struck requested R. M. Sheild an attorney, to come to her home in Salem, South Dakota, which he did, and she informed him that she desired to make deeds to her real Property and she was informed by Sheilds that if she made deeds they would be irrevocable and in order to make a disposition of her property in the event of her death he would have to do it differently than just make deeds, and that Alvina Struck directed said Sheild to draft and prepare the instruments Exhibit 1, 2 and 3."

Exhibit 1 is the deed here in dispute, Exhibit 2 the escrow agreement and Exhibit 3 the will.

■ Appellants' first assignment of error questions this

Finding of Fact No. 7. Without quoting the testimony of Mr. Sheild in full we think that a fair summary of that testimony is that Mr. Sheild was called to the house and advised by Mrs. Struck that she wished to have some deeds drawn. There was a discussion regarding the improvident grandson and Mr. Sheild suggested that the other five grandchildren pay to the improvident the value of 1/6th of this land and that this money be held by a guardian of the improvident. He further advised Mrs. Struck that she should not retain the deeds but that she should deliver them to some third person to be delivered to the grantees after her death. After this first discussion Mr. Sheild went to his office and prepared the deed, the escrow agreement, and the will. He returned to the house with these papers after they were prepared and told Mrs. Struck "that if she wanted to make these deeds, wanted to sign these deeds, that they would be left with me and she would not get them back." Then following inquiry by Mrs. Struck he told her that she would have the rents from these lands during her life and that he would deliver the deeds only after her death. He further testified that these deeds were signed first and followed by the excution of the will.

We do not believe that the above finding is in accord with the testimony of Mr. Sheild. It seems clear to us that the testimony of Mr. Sheild admits of only the conclusion that when he told her she could not get the deeds back he was talking about the particular deeds which he had already prepared and which were to be left with him until her death.

The vice of this Finding No. 7 is carried over into Finding No. 17, to which exception was also taken by appellants. Finding No. 17 is as follows:

"That the execution of the deeds, the escrow agreement and the will at the same time and that by reference to the deeds in the escrow agreement and in the will incorporated the deeds and the escrow agreement into the will and constituted a single transaction by Mrs. Struck for the disposition of her property upon her death in accordance with the terms of the deeds, escrow agreement and will,

which being read together constituted a testamentary disposition of her property and that as shown by said instruments it was the intent of Alvina Struck to effect a testamentary dispostion of her property upon her death and that it was not the intent of Alvina Struck to irrevocably part with the control of the deeds and that she did not intend by the execution of the same to convey or part with the ownership or the control of any of the property described in the deeds, and she intended to retain the ownership and in her own right and name of all the property described in said instruments and to dispose of the same at any time in any manner that she would desire."

Reading these two findings it appears that it was the view of the trial court, that the conversation between Mrs. Struck and Mr. Sheild regarding deeds being irrevocable simply had reference to deeds generally when delivered to a third person, but had no reference to the deeds here in dispute. As stated above, the testimony of Mr. Sheild was specific with reference to these particular deeds, including the deed in dispute. If these deeds were delivered to him she could not get them back.

If we are to believe the testimony of Mr. Sheild it was his purpose (and this purpose was expressed to the grantor) to place these deeds beyond the control and dominion of the grantor upon their delivery to him.

The judgment appealed from is reversed.

All the Judges concur.